**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MATTHEW R. HAKODA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:26-cv-00731** |
| **v.** | ) | |
| | ) | **Judge Trauger** |
| **STATE OF TENNESSEE, *et al.*,** | ) | **Magistrate Judge Frensley** |
| | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the court is pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by Matthew R. Hakoda. (Doc. No. 1).

Respondent filed a Motion to Dismiss the petition (Doc. No. 9), to which Petitioner has not responded in opposition.

The motion is ripe for review. For the reasons set forth herein, Petitioner is not entitled to an evidentiary hearing, and the court will grant Respondent's Motion to Dismiss.

## I. PRELIMINARY MATTER

Before the court moves to the merits of the petition, the court must resolve a preliminary matter. Petitioner named the State of Tennessee, the Davidson County Criminal Court Clerk, and Judge Steve Dozier as Respondents. (Doc. No. 1 at 2). In ordering a response to the petition, the court noted that it was "unable to determine if Petitioner has named the correct Respondents" because Petitioner had been released from prison and did not state whether he is on probation, parole, or supervised release. (Doc. No. 6 at 1, 3 n.2).

The only proper respondent to a habeas petition is "the person who has custody over the applicant." Rules Gov'g Section 2254 Cases, Rule 4 advisory committee's note. Here, because

Petitioner is not in custody, there is no proper respondent. However, when a petition challenges future custody or a manner of custody other than incarceration, probation, or parole, the Attorney General is the proper respondent. Rules Gov'g Section 2254 Cases, Rule 2 advisory committee's note. Further, "the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice." *Id*.

Respondent requests that the court remove the State of Tennessee, the Davidson County Criminal Court Clerk, and Judge Steve Dozier as Respondents and substitute the Attorney General. Respondent's request is well taken, and the court will grant it.

**II. BACKGROUND**

Petitioner attempted to hire a fellow inmate to murder his wife and her children. In 2005 he was tried before a Davidson County jury, convicted of three counts of soliciting first degree murder, and sentenced to twenty-nine years. *Hakoda v. State*, No. M2009-01152-CCA-R3-PC, 2010 WL 4888476, at *1 (Tenn. Crim. App. Nov. 30, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011). He also pleaded no contest to one count of felony arson arising out of a separate incident, for which he served six years concurrent with his twenty-nine year sentence for soliciting murder. (Doc. No. 1-1 at 15).

On March 7, 2025, Petitioner finished serving his sentence and was released from State supervision. TENN. DEP'T. OF CORR., Felony Offender Information: "Last Name: Hakoda; First Name: Matthew" (last accessed September 24, 2026).

On May 29, 2026, the court received Petitioner's instant petition for federal habeas relief. (Doc. No. 1).

## III. REVIEW OF PETITION

In his federal habeas petition, Petitioner raises three grounds for relief: "unlawful incarceration absent a valid judgment," violation of Fourth Amendment due process, and "structural defect in the judicial process." (Doc. No. 1 at 3-4). He alleges that the basis for federal jurisdiction is the "collateral consequences" he continues to suffer. (*Id*. at 4).

A petition filed pursuant to Section 2254 is for individuals in jail or prison or otherwise "in custody" as the result of a conviction in state court who want this court to set aside their state court conviction or sentence because they think their conviction or sentence violates the United States Constitution or laws of the United States. 28 U.S.C. § 2254 (a "federal court "shall entertain an application for a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). "This language is jurisdictional: if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it." *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018) (quoting *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001)).

The Supreme Court holds that a petitioner is "in custody" when he is subject to conditions that "significantly restrain his liberty to do those things which in this country free men are entitled to do." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see also Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."). Forms of restraint other than physical custody can satisfy the custody requirement. However, such restraint must be "limit [the petitioner's] physical movement to the point that they are severe restraints on liberty." *Corridore v. Washington*, 71 F.4th 491, 497 (6th Cir. 2023) (affirming district court's

finding that Corridore's ankle monitor fails to meet the "in custody" requirement because the monitor is a collateral consequence of conviction rather than a severe restraint on liberty).

Mere "collateral consequences" of a conviction which remain after the sentence "has completely expired . . . are not themselves sufficient to render an individual 'in custody.'" *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam). Parole and probation are examples of the former and satisfy the custody requirement, but "collateral consequences" such as the loss of the right to vote, to serve as a juror, a monetary fine, or lifelong sex offender registration and reporting requirements are examples of the latter and do not. *See, e.g., Carafas v. LaVallee*, 391 U.S. 234, 237 (1968) (giving examples of collateral consequences, including losing the right to vote, to serve as a juror, or to engage in certain businesses); *Hautzenroeder*, 887 F.3d at 740-41 (rejecting argument that reputational damage from information available on the internet about Hautzenroeder's conviction placed her "in custody" for Section 2254 purposes); *Thrower v. City of Akron*, 43 F. App'x 767, 768 (6th Cir. 2002) (observing that a monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement). "[E]ven grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody." *Hautzenroeder*, 887 F.3d at 740-41.

Respondent's counsel represents that he has confirmed with the Department of Correction that Petitioner is not incarcerated or under supervised release such as probation or parole. (Doc. No. 9 at 3). Petitioner alleges that, "[d]espite release, he continues to suffer criminal record impairment, reputational damage, civil disabilities, [and the possibility of] enhanced penalties in future proceedings" because of his convictions. (Doc. No. 1 at 4). As noted above, these types of collateral consequences do not satisfy the "in custody" requirement. Thus, the court is without jurisdiction to entertain the petition. Accordingly, the instant petition must be dismissed.

## IV. CONCLUSION

Respondent's request that the court remove the State of Tennessee, the Davidson County Criminal Court Clerk, and Judge Steve Dozier as Respondents and substitute the Attorney General is **GRANTED**. The Clerk **SHALL** remove the State of Tennessee, the Davidson County Criminal Court Clerk, and Judge Steve Dozier as Respondents and substitute Attorney General Jonathan Skrmetti.

Respondent's Motion to Dismiss Petition (Doc. No. 9) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

The court has found that it lacks jurisdiction to entertain the petition because the collateral consequences of which Petitioner complain do not satisfy the "in custody" requirement for

petitions brought under Section 2254. Because jurists of reason would not disagree with this decision, the court **DENIES** a COA. However, Petitioner may seek a COA from the Sixth Circuit.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge